FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 OCT 18 PM 3:00
CLERK M. aelw
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

COLETTE CARPENTER, Individually　　　＊
and as Personal Representative　　　　＊
of the Estate of CLAYTON CARPENTER,　＊
Deceased; JON TERNSTROM; and　　　　　＊
MARIA TERNSTROM,　　　　　　　　　　　＊
　　　　　　　　　　　　　　　　　　　＊
　　　　　　　　　　　　　　　　　　　＊　　CV 419-100
　　　　Plaintiffs,　　　　　　　　　　＊
　　　　　　　　　　　　　　　　　　　＊
　　v.　　　　　　　　　　　　　　　　＊
　　　　　　　　　　　　　　　　　　　＊
LOCKHEED MARTIN CORPORATION, a　　　　＊
Maryland corporation doing　　　　　　＊
business in Georgia,　　　　　　　　　＊
　　　　　　　　　　　　　　　　　　　＊
　　　　Defendant.　　　　　　　　　　＊

**O R D E R**

On May 7, 2019, Plaintiffs filed this wrongful death action against Defendant Lockheed Martin Corporation ("Lockheed"). Plaintiffs' claims arise out of the tragic crash of a United States Army MH-60M Black Hawk helicopter at Hunter Army Airfield in Georgia on January 15, 2014. The crash resulted in the death of Plaintiff Colette Carpenter's decedent, Clayton Carpenter, and physical injuries to Plaintiff Jon Ternstrom. Plaintiff Maria Ternstrom claims loss of consortium and other damages.

At present, Lockheed has filed a motion to dismiss the complaint based upon the applicable statute of limitation. In

response thereto, Plaintiffs move to amend the complaint to add allegations of fraud against Lockheed - fraud that allegedly prevented Plaintiffs from filing the lawsuit against Lockheed within the limitation period. Upon review of the briefs, the record, and relevant law, the Court hereby **GRANTS** the motion to dismiss and **DENIES AS MOOT** the motion to amend the complaint.

## I. BACKGROUND

On January 15, 2014, Pilots Carpenter and Ternstrom made their approach to Hunter Army Airfield after a training flight to St. Augustine, Florida. During the approach, the helicopter suddenly and without warning experienced a failure of the tail rotor pitch change assembly and began to spin in a direction opposite to the direction of the main rotor blades. Despite executing prescribed emergency procedures for loss of tail rotor control to reduce the rate of spin, the helicopter continued out of control and impacted the ground. (Compl. ¶ 15, Doc. No. 1.)

Both Pilots Carpenter and Ternstrom were seated in pilot seats allegedly installed by Lockheed. Plaintiffs' allegations concerning the pilot seats follow:

> Both seats were designed to absorb the impact of a hard landing and to keep the pilots upright and firmly in their seats. Each seat was to have a working energy attenuating system and seatbelt system to reduce any injuries to the occupants in the event of a crash or hard landing. Both energy attenuating systems and seatbelt systems failed to work as designed.

2

(Id. ¶ 16.) Plaintiffs assert claims of negligence and strict liability against Lockheed.

The MH-60M Blackhawk helicopter involved in the crash was a United States Army Special Operations helicopter specially modified for Special Operations use and many of its components and modifications are classified. (Id. ¶¶ 5, 10.) Plaintiffs initially brought suit in a California state court in September 2014 but the case was subsequently removed to the United States District Court for the Central District of California. See Carpenter v. Sikorsky Aircraft Corp., Case No. 2:14-cv-07793, Doc. No. 1 (C.D. Calif. Oct. 8, 2014). In addition to several named defendants including Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc. (collectively "Sikorsky" for ease of reference), Plaintiffs allege that they included John Doe defendants because they were unaware of the civilian companies responsible for modifying the helicopter to the Special Operations variant. (Compl. ¶ 11.) On January 9, 2015, Plaintiffs learned the L-3 Communications Integrated Systems, L.P. ("L-3") was involved in the modification of the helicopter. (Id. ¶ 12.) The prior litigation proceeded against a number of defendants including Sikorsky and L-3 throughout 2015 until 2018. (Id. ¶ 13.) Plaintiffs allege that while L-3 had initially begun the overhaul of the helicopter, it had lost the government contract

3

and had been replaced by Lockheed. (Id.) In point of fact, it was Lockheed that inspected and installed the pilot seats in the helicopter, which Plaintiffs did not discover until the end of October 2018. (Id.)

Plaintiffs filed the instant lawsuit against Lockheed in this Court on May 7, 2019, over five years after the accident. Lockheed filed a motion to dismiss the case based upon the applicable statute of limitation.[1] Plaintiffs responded and filed a motion to amend the complaint, seeking to add allegations of fraud against Lockheed that would justify the late filing of the instant complaint.

The proposed amended complaint adds the following relevant background information. Plaintiffs begin their fraudulent concealment allegations with the observation that Sikorsky, an original defendant in the California action, and Lockheed "were in a unique position to know and to conceal and did conceal Lockheed's role." (Proposed Am. Compl. ¶ 14, Doc. No. 18-1.) Plaintiffs explain through their proposed allegations that Lockheed bought Sikorsky on November 6, 2015, so that when Sikorsky answered Plaintiffs' complaint on November 25, 2015, Lockheed "now wholly

---

[1] There is no dispute that the applicable statute of limitation is Georgia's two-year statute of limitation for personal injury claims under O.C.G.A. § 9-3-33. Under this section, a personal injury suit must be brought within two years "after the right of action accrues."

4

owned" Sikorsky. (Id. ¶¶ 15-16.) Yet, Sikorsky denied all knowledge of the pilot seats. (Id. ¶ 17.) Plaintiffs claim that Sikorsky's answer was misleading and should have been corrected. (Id. ¶ 24.) Plaintiffs also allege that Sikorsky further concealed Lockheed's role in the installation of the seats when it responded to interrogatories on April 26, 2017. Therein, Sikorsky claimed to not be involved in the installation of the seats and disavowed any knowledge about the installation of the seats. (Id. ¶ 25.)

Meanwhile, Plaintiffs learned in their litigation against L-3 in October 2018[2] that L-3 could not have installed the pilot seats because it had lost the contract to modify the helicopters approximately 3 months after the subject helicopter arrived at the modification facility and installation of the pilot seats occurred very late in the modification process. (Id. ¶ 19.) It was also determined that Lockheed succeeded L-3 as the modification contractor. (Id.)

Plaintiffs filed the instant case several months later. Plaintiffs explain that they did not include their allegations of

---

[2] Plaintiffs explain in brief that the California District Court determined that it did not have personal jurisdiction over Sikorsky and the BAE defendants (i.e., BAE Systems, Inc., BAE Systems Simula, Inc., and BAE Systems Aerospace & Defense Group, Inc.). Accordingly, the Sikorsky litigation was transferred to the District of Connecticut and the BAE litigation was transferred to the District of Arizona. (Pls.' Resp. to Lockheed's Mot. to Dismiss, Doc. No. 16, at 2.) In light of these dismissals, Plaintiffs and L-3 agreed to litigate its case in the Northern District of Texas. (Id.)

fraudulent concealment involving Lockheed and Sikorsky "so as to spare [them] from the shocking and presumably embarrassing litany of fraudulent concealment." (Pls.' Mot. to Amend Compl., Doc. No. 18, at 3-4.)

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint. Harris v. Proctor & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir. 2014) (citation omitted). Therefore, the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). When, however, on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. See Allen v. USAA Cas. Ins. Co., 790 F.3d 1274, 1278 (11th Cir. 2015).

## III. LEGAL ANALYSIS

A statute of limitation begins to run when the cause of action accrues. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). In this case, the cause of action for personal injury to the pilots

6

accrued at the time of their injuries on January 15, 2014. Applying Georgia's two-year statute of limitation, O.C.G.A. § 9-3-33, this case should have been brought by January 15, 2016. Thus, unless Plaintiffs can establish that the statute of limitation was tolled, their claims against Lockheed are time-barred.[3]

Under Georgia law, O.C.G.A. § 9-3-96 provides that "[i]f the defendant [is] guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." As an exception to the statute of limitation, this section must be strictly construed. Bates v. Metropolitan Transit Sys., 197 S.E.2d 781, 782 (Ga. Ct. App. 1973). Moreover, the party alleging fraud (here Plaintiffs) has the

---

[3] In their opening opposition brief, Plaintiffs point to Georgia's discovery rule, which provides that "a cause of action accrues when a plaintiff discovers, or with reasonable diligence should have discovered, both the injury and the cause thereof." (Pls.' Resp. to Mot. to Dismiss, Doc. 16, at 9 (quoting In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig., 711 F. Supp. 2d 1348, 1379 (M.D. Ga. Apr. 22, 2010)).) Upon consideration, the Court concludes that Georgia's discovery rule has no application in this case because Plaintiffs' damages arise out of a single, discrete and identifiable event – a helicopter crash. As the Georgia Supreme Court has pointed out: "[T]he discovery rule . . . [is confined] to cases of bodily injury which develop only over an extended period of time." Corp. of Mercer Univ. v. Nat'l Gypsum Co., 368 S.E.2d 732, 733 (Ga. 1988) (quoted source omitted), cited in Broughton v. United States, 2010 WL 11534491 (S.D. Ga. Feb. 1, 2010) (refusing to apply the discovery rule to a slip and fall case because a slip and fall victim is not the victim of a continuing tort).

"burden of showing the existence of facts that would toll the statute of limitation." Robertson v. Robertson, 778 S.E.2d 6, 10 (Ga. Ct. App. 2015) (quoted source omitted).

To toll the statute of limitation under § 9-3-96, a plaintiff must show that: "(1) a defendant committed actual fraud; (2) the fraud concealed the cause of action from the plaintiff; and (3) the plaintiff exercised reasonable diligence to discover the cause of action despite her failure to do so within the statute of limitation." Id. (cited sources omitted). When the gravamen of the complaint is something other than actual fraud, "the statute of limitation is tolled only upon a showing of 'a separate independent actual fraud involving moral turpitude which deters a plaintiff from filing suit.'" Rollins v. LOR, Inc., 815 S.E.2d 169, 179 (Ga. Ct. App. 2018) (quoted source omitted). Moreover,

> before the running of the limitation period will toll, it must be shown that that the defendant concealed information by an intentional act-something more than a mere failure, with fraudulent intent, to disclose such conduct, unless there is on the party committing such wrong a duty to make a disclosure thereof by reason of facts and circumstances . . . .

Id. (quoted source omitted).

In the case at bar, the statute of limitation began to run on January 15, 2014. Plaintiffs filed suit against Sikorsky in California in 2015, but the California district court dismissed Sikorsky on April 27, 2015 for want of personal jurisdiction. Still within the limitation period, Plaintiffs filed suit against

Sikorsky in the District of Connecticut on October 30, 2015. (See Carpenter v. Sikorsky Aircraft Corp., Case No. 3:15-CV-1582 (D. Conn. Oct. 30, 2015), Doc. No. 1.) Days later, on November 6, 2015, Lockheed purchased Sikorsky. On November 25, 2015, Sikorsky filed its Answer to Plaintiffs' Complaint in the Connecticut litigation. Unless tolled, the statute of limitation ran less than two months later on January 14, 2016.

Plaintiffs essentially argue that Sikorsky and Lockheed became one and the same. Plaintiffs must so argue, because up until the point that Lockheed purchased Sikorsky, Lockheed was not involved in any prior cases with Plaintiffs and could not have committed any act of fraud in litigation. That leaves Plaintiffs only with Sikorsky's Answer to their Complaint filed on November 25, 2015, which was after the Lockheed purchase but before the limitation period ran.[4]

Though Plaintiffs do not identify the particular paragraph or misrepresentation of Sikorsky (and therefore Lockheed) in the Answer, the Court surmises that Plaintiffs are referring to the only paragraph of the Complaint affirmatively connecting Sikorsky to the pilot seats - Paragraph 39:

---

[4] Plaintiffs also allege that Sikorsky (and therefore Lockheed) committed fraud in response to their interrogatories, which were not even served until after the limitation period had run. Accordingly, any misrepresentations made therein could not toll a statute of limitation that had already run and are therefore irrelevant here.

9

> At all relevant times, SIKORSKY DEFENDANTS, among other things, designed, manufactured, published manuals, inspected, tested, instructed[,] maintained[,] trained, selected, warranted, distributed, assembled, installed components, and sold the MH-60 model helicopter, including the Blackhawk, and its component parts, to the Army, including but not limited to the Pilots Seats and related components and systems, the ELT and related components and systems, and the tail rotor pitch change assembly and related components and systems, each of which failed during the flight and contributed to the subsequent crash and injuries.

(Connecticut Litigation, Doc. No. 1, ¶ 39.) Sikorsky's allegedly fraudulent response was as follows:

> Defendant Sikorsky Aircraft Corporation admits it designed, manufactured, tested, inspected, [and] assembled the MH-60 helicopter including serial no. 05-20005 pursuant to government contract and specifications and that it sold the helicopter to the U.S. Army. Defendant Sikorsky Aircraft Corporation denies the remainder of paragraph 39.

(Connecticut Litigation, Doc. No. 13, ¶ 39.)

The Court is hard pressed to identify actual fraud in Sikorsky's response or how the response deterred Plaintiffs from filing suit against Lockheed. To be sure, Plaintiffs do not allege that Sikorsky's admission that it designed, manufactured, tested, inspected, assembled and sold the helicopter to the Army was a misrepresentation; rather, they allege that Sikorsky failed to affirmatively reveal Lockheed's role in the modification of the pilot seats. Under Georgia law, fraud consists of five elements: "(1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act

10

or refrain from acting; (4) justifiable reliance; and (5) damages." See Lehman v. Keller, 677 S.E.2d 415, 417 (Ga. Ct. App. 2009) (quoted source omitted). Here, Plaintiffs have presented no evidence, other than mere speculation, that Sikorsky failed to mention Lockheed's involvement to deter Plaintiffs from bringing an action against Lockheed. Moreover, nothing in Sikorsky's response concealed a cause of action against Lockheed or prevented Plaintiffs from learning of Lockheed's role independently. See Costrini v. Hansen Architects, P.C., 543 S.E.2d 760, 762 (Ga. Ct. App. 2000) ("[T]he fraud in question [under O.C.G.A. § 9-3-96] conceals a cause of action. To constitute concealment of a cause of action so as to prevent the running of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent." (quoted source omitted)); Comerford v. Hurley, 268 S.E.2d 358, 360 (Ga. Ct. App. 1980) ("To toll the statute of limitation, concealment of a cause of action must be by positive affirmative act and not by mere silence.") Indeed, absent an affirmative duty to disclose Lockheed's role in its Answer of November 25, 2015, Sikorsky's response is in no way fraudulent.

Plaintiffs contend that Sikorsky had a duty to disclose Lockheed's role because the two companies became one and the same

when Lockheed purchased Sikorsky. That is, Plaintiffs would have this Court find that the two companies no longer share separate corporate statuses.[5] Plaintiffs argue that Lockheed's attention to the alter ego doctrine is "not the point" and continue that "Defendant in the case below concealed its role in maintaining and modifying the seats. Defendant responded to discovery, inspections, and depositions and denied any knowledge about who did the modification. Defendant did the modification. [Defendant] had a duty to supplement or amend." (Pls.' Reply Br., Doc. No. 24, at 7.) The "Defendant" to which Plaintiffs are referring is clearly Sikorsky. Plaintiffs, however, are suing Lockheed in this case, not Sikorsky. And, because Lockheed itself has done nothing to warrant tolling the limitation period, no fraud has been perpetrated unless Sikorsky and Lockheed are one and the same.

Plaintiffs' argument in this regard is a non-starter. The documents Plaintiffs have submitted clearly indicate that Sikorsky Aircraft Corporation was purchased by Lockheed on November 6, 2015,

---

[5] Lockheed, as did the Court, initially interpreted Plaintiffs' argument respecting Lockheed's alleged fraud vis-à-vis Sikorsky's Answer to call upon the alter ego doctrine, whereby the knowledge of Lockheed is imputed to Sikorsky through their parent-subsidiary relationship. This argument, however, would have failed because Plaintiffs have presented no evidence that would support a finding that Sikorsky is the alter ego of its parent company Lockheed. Accordingly, the Court need not address the factors the Eleventh Circuit has listed to analyze the alter ego doctrine. See United Steelworkers of Am. v. Connors Steel Co., 855 F.2d 1499, 1505 (11th Cir. 1988).

pursuant to a Stock Purchase Agreement, dated July 19, 2015 as between Lockheed and United Technologies Corporation. (See Annual Report of Lockheed Martin Corp. to the U.S. Sec. and Exch. Comm'n, Doc. No. 24-3, at "ITEM 1, General (Strategic Actions).") Lockheed's Annual Report expressly states that Sikorsky "has become a wholly-owned subsidiary" of Lockheed. (Id.) Moreover, the press-release issued by Lockheed about the purchase states that Sikorsky Aircraft would be aligned under Lockheed's Mission and Systems Training business segment and known as "Sikorsky, a Lockheed Martin *company*." (Decl. of Kevin R. Dean, Doc. No. 16, Ex. C, at 1 (emphasis added).) Moreover, this same press release announces that Mr. Daniel C. Schultz would be named President of Sikorsky, a Lockheed Martin Company, and further identifies the President and CEO of Lockheed as Ms. Marillyn A. Hewson. (Id.) A search of the Lockheed Martin website reveals that these two individuals remain presidents of their respective companies today.[6]

In short, Lockheed and Sikorsky remain separate companies, although now parent and subsidiary. Without any evidence that Sikorsky is the alter ego of Lockheed, Lockheed's knowledge of its own role in the installation of the pilot seats cannot be imputed

---

[6] Compare Lockheed Martin Website, https://www.lockheedmartin.com/en-us/who-we-are/leadership-governance/marillyn-hewson.html to Lockheed Martin Website, https://www.lockheedmartin.com/en-us/who-we-are/leadership-governance/daniel-schultz.html (last visited October 11, 2019)

13

to Sikorsky as of the date that Sikorsky filed its Answer to Plaintiffs' Complaint. Thus, Plaintiffs have not carried their burden to establish that Lockheed, through Sikorsky, committed a fraud that deterred or debarred Plaintiffs from timely filing a cause of action against Lockheed.

## IV. CONCLUSION

Upon the foregoing, the Court has determined that Plaintiffs have not established fraud that would toll the applicable statute of limitation in this case. Accordingly, Defendant Lockheed Martin Corporation's motion to dismiss (doc. no. 8) is **GRANTED**. Plaintiffs' motion to amend the complaint (doc. no. 18) is **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of October, 2019.

_____
UNITED STATES DISTRICT JUDGE